```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SOURCE ONE FINANCIAL CORP.,    :
                               :
     Plaintiff,                :
                               :
     v.                        :     CASE NO. 3:07CV433(RNC)
                               :
MANUEL NAVARRO,                :
                               :
     Defendant.                :
```

**RECOMMENDED RULING ON
MOTION FOR ATTORNEY'S FEES**

This case has been dismissed for lack of jurisdiction. Pending before the court is defendant Manuel Navarro's Motion for Attorney's Fees (doc. #39).

The factual and procedural background of the case was set forth in some detail in the court's Recommended Ruling of November 20, 2008. (See doc. #36.) The salient facts are as follows: Navarro entered into an agreement with plaintiff Source One Financial Corporation ("Source One") under which Source One extended him an automobile loan. A dispute subsequently arose, and Navarro filed suit in Connecticut Superior Court, alleging violations of the Truth in Lending Act and state law. Source One moved to stay or dismiss the Superior Court case pending arbitration. The Superior Court denied that motion three times. (See doc. #36, fn. 2.) Source One then filed a petition to compel arbitration in this court.

On November 20, 2008, the undersigned recommended dismissal of Source One's petition for lack of jurisdiction. (See doc.

#36.)  The Recommended Ruling was adopted on December 16, 2008, and the case was closed.  (See docs. # 37-38.)  Navarro now moves for an award of over $9,000 in attorney's fees for his efforts to defeat Source One's petition to compel arbitration.

Navarro relies primarily on Conn. Gen. Stat. §42-150bb, which authorizes an award of attorney's fees to "the consumer who successfully prosecutes or defends an action or a counterclaim on a consumer contract or lease." Traystman, Coric, Keramidas, P.C. v. Daigle, 282 Conn. 418, 429 (Conn. 2007)(internal citation and quotation marks omitted).  The statute provides that:

> [w]henever any contract . . . to which a consumer is a party, provides for the attorney's fees of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract . . .

Conn. Gen. Stat. §42-150bb.[1]  However, Navarro has not successfully prosecuted or defended an action based upon the

---

[1]The statute also provides that:

> For the purposes of this section, "commercial party" means the seller, creditor, lessor or assignee of any of them, and "consumer" means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes.

Conn. Gen. Stat. § 42-150bb.  Source One concedes that Navarro is a "consumer" within the meaning of this statute, but the court has no knowledge as to whether the transaction was made primarily for personal, family or household purposes.

contract.  This court, finding it had no jurisdiction, never reached the terms of the parties' contract.  Therefore, the statute on which Navarro relies does not authorize the court to enter an award of attorney's fees.  See, e.g., Anderson v. Latimer Point Mgmt. Corp., 208 Conn. 256 (1988) (where issues decided in tenant's favor were decided based on association bylaws rather than on tenant's lease, Conn. Gen. Stat. § 42-150bb did not authorize attorney's fees); Pelliccione v. McLinden, No. 307515, 1992 Conn. Super. LEXIS 3374 (Conn. Super. Nov. 25, 1992)(42-150bb does not apply to special statutory proceedings such as actions to confirm, modify or vacate an arbitration award).

Navarro also argues, in the alternative, that he is entitled to attorney's fees under the federal removal statute, 28 U.S.C. §1447.  Section (c) of that statute provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As Navarro acknowledges, however, there was no removal in this case.  He argues that Source One should not escape liability for such fees simply because it circumvented the proper removal procedure.  Navarro does not, however, cite any authority permitting the court to extend the reach of 28 U.S.C. §1447(c) in such a manner.  That statute is therefore inapplicable.

Finally, Navarro seeks attorney's fees based on Rule 11.

3

However, he has not complied with the mandatory procedural requirements for a Rule 11 motion. A motion under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim defense, contention or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). There is nothing in Navarro's motion to indicate that he served his motion on plaintiff 21 days before filing it with the court, and his motion is therefore procedurally deficient. See Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328 (2d Cir. 1995) (district court's imposition of sanctions was abuse of its discretion where party seeking sanctions did not comply with the procedural requirements of Rule 11).

For all the foregoing reasons, the court recommends that the defendant's Motion for Attorney's Fees be denied.

Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6 & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992). "[F]ailure to timely object to a magistrate judge's report within ten (10) days will preclude appellate

review."  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 29th day of June, 2009.

```
                    _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge
```